[Civ. No. 5327. Third Appellate District.—November 16, 1935.]

INA GOLDIE EARLEY, Respondent, v. LESTER WOLF, Appellant.

J. Hampton Hoge, Mannon & Brazier and A. Dal. Thomson for Appellant.

Elliott Johnson, Marshall Rutherford and D. W. Brobst for Respondent.

PULLEN, P. J.—Plaintiff brought this action against defendant to recover damages for personal injuries sustained by her in an automobile accident, which occurred on the night of April 1, 1933, on the highway bordering the northern shore line of Clear Lake.

Plaintiff was riding as a guest of defendant when the accident occurred. It is alleged in her complaint, and the trial court found, that the accident and the resulting injuries to her were proximately caused by the intoxication of defendant. By reason thereof a judgment was accordingly rendered in favor of plaintiff, awarding to her damages in the sum of $4,500.

Appellant bases his appeal upon two grounds. First, that the evidence is insufficient to support the finding of the trial court that plaintiff did not know that the defendant was intoxicated, and secondly, that the damages awarded are excessive.

We need not here quote the statement of the rule so clearly expressed by the court speaking through Mr. Justice Sloss in *Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140 [134 Pac. 1157]; but it is sufficient to say that an appellate court in examining the sufficiency of the evidence to support a questioned finding must accept as true all evidence, and inferences reasonably based thereon, that tends to establish the correctness of the finding and resolve all conflicts in support thereof.

With that in mind we find the following facts in the record. Plaintiff met the defendant at the Ferry in San Francisco and was taken by him in his car to the cabin or lodge of a mutual friend on the shores of Clear Lake in Lake County, where the son of plaintiff, a guest, was awaiting them. During that ride defendant drove in a careful and prudent manner. They arrived at the cabin about 7:30 o'clock in the evening. Upon her arrival plaintiff found the kitchen in great disorder and she immediately began to clean it up and prepare the evening meal. Supper was served about 8:30 or 9 o'clock, but on account of the small dining room there was not room for all of those present, about nine in number, to be seated at the table at the same time so plaintiff waited until the others were through and had her supper by herself. While plaintiff was cleaning the kitchen and preparing the supper the rest of the party were in another room singing and playing the piano. Drinks, consisting of whiskey highballs, were mixed and served in the living room, but plaintiff testified positively that she did not see appellant drink either before or after supper nor did she observe anything in defendant's acts or conduct that would indicate to her that he was under the influence of intoxicating liquor. Defendant admits having had three or four whiskey highballs before supper and two or three similar drinks after supper. The kitchen did not open directly into the living room and it was necessary to pass through a small room to get from the kitchen to the living room; the connecting doors, however, remained open at all times. Before supper plaintiff was in

the living room only occasionally and there is testimony that one could not see what was taking place in the living room from the kitchen. So if there was any drinking by defendant, plaintiff was not in a position to observe it. After supper it was proposed that the party go to a dance being held some miles distant. Two cars were available, a coupe which accommodated three, and the rest of the party, including plaintiff, entered the sedan driven by defendant. In the front seat of the sedan were plaintiff, her son and defendant, who was driving. After the car proceeded about five miles along a narrow winding road without the happening of anything unusual they entered a wide paved highway. Plaintiff testified the first unusual thing she noticed was after they had reached this main highway that defendant gave a deep sigh and leaned back in his seat and seemed, as plaintiff expressed it, to relax. He did this a second time and then he removed his right hand from the steering wheel while traveling approximately forty miles per hour on a strange road at night, on a slight curve, taking his eyes momentarily off the highway, and proceeded to adjust the dial of the radio attached to the steering post of the car. The car then ran off the paved portion of the highway on to the graveled shoulder and defendant, attempting to turn it back on the pavement, apparently swung the wheel too far to the other side and struck a tree, causing the death of plaintiff's son and inflicting upon plaintiff the injuries here complained of.

Under the foregoing facts appellant claims plaintiff was guilty of contributory negligence as a matter of law in riding with a driver she knew or should have known was under the influence of intoxicating liquor, and that the damages awarded were excessive. The court found that plaintiff was without knowledge that defendant was intoxicated at the time she entered his automobile prior to the happening of the accident, and that she had no opportunity to leave the automobile after it became apparent that defendant was losing control of the same by reason of intoxication.

We believe that the summary of the evidence we have set forth fully justifies the court in reaching the conclusion it did. Whether or not a reviewing court could or would reach a different conclusion is immaterial. The trial court performed its duty, and that is conclusive here.

■ Upon the contention that the damages awarded to plaintiff are grossly excessive we likewise cannot agree with appellant. No X-rays, it is true, were introduced to support the claim as to the various fractures of the pelvis and the injuries to the sacrum but it is apparent from the testimony of Dr. Calahan, called as a witness by defendant, that the plaintiff sustained a fractured pelvis. It is true also the physician who attended plaintiff while confined in the hospital was not called as a witness on account of his own illness, but other evidence produced was sufficient to establish the necessary facts of injury.

As further evidence of the injury sustained by plaintiff it appears that she was confined to a fracture frame bed in the San Francisco hospital for forty-three days and remained in that bed at home until June 28, 1933. At the time of the trial some one and a half years after the accident she testified she was suffering with pain in her back and that she was unable to perform the work she did prior to the accident. The trial court having accepted as true this testimony, the award of $4,500 was certainly not excessive.

The record therefore clearly sustains the findings and award of the trial court, and the judgment should be affirmed; it is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 13, 1936.